UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SEANNA GALARZA and KEVIN GALARZA,**

    **Plaintiffs,**

v.

**BANK OF AMERICA, N.A.,**

    **Defendant.**

_____/

Case No:

**DEMAND FOR JURY TRIAL**

### PLAINTIFFS' COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT

**COME NOW**, Plaintiffs, **SEANNA GALARZA** ("Mrs. Galarza") and **KEVIN GALARZA** ("Mr. Galarza") (collectively "Mr. and Mrs. Galarza" or "Plaintiffs"), by and through the undersigned counsel, and hereby sue and file this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **BANK OF AMERICA, N.A.** ("Defendant"), and in support thereof state as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Mrs. Galarza's cellular telephone without Mrs. Galarza's prior express consent and even after Mrs. Galarza demanded that Defendant stop calling

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **1** of **12**

her cellular telephone, and by calling Mr. Galarza's employer without Mr. Galarza's written consent and prior to obtaining a judgment against Mr. Galarza, which can all reasonably be expected to harass Mr. and Mrs. Galarza.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4. Plaintiffs, Mr. and Mrs. Galarza, were and are each a natural person and, at all times material hereto, are adults, residents of Hillsborough County, Florida, and were and are each a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Mrs. Galarza is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-1508 ("Mrs. Galarza's Cellular Telephone").

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of NC and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

### *Statements of Fact*

7. Mr. Galarza opened a credit card account with Defendant for personal, household, or family purposes ("Account").

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **2** of **12**

8. Sometime thereafter, Mr. Galarza encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

9. Mr. Galarza never provided Mrs. Galarza's Cellular Telephone to Defendant in connection with the Account.

10. Despite never having prior express consent to call Mrs. Galarza's Cellular Telephone, Defendant then began placing calls to Mrs. Galarza's Cellular Telephone in attempts to collect the Debt.

11. In or around April of 2018, Mrs. Galarza spoke with Defendant and told Defendant that the Account was not hers and that it was her husband's Account, and demanded that Defendant stop calling her Cellular Telephone.

12. Despite Mrs. Galarza's demand, Defendant continued to place calls to Mrs. Galarza's Cellular Telephone in attempts to collect the Debt.

13. Defendant has called Mrs. Galarza's Cellular Telephone at least fifty (50) times during the time period from April of 2018 to the present date.

14. Defendant called Mrs. Galarza's Cellular Telephone from several different telephone numbers, including, but not limited to: 813-279-5624.

15. All of Defendant's calls to Mrs. Galarza's Cellular Telephone were placed in an attempt to collect the Debt.

16. Defendant's continued calls after Mrs. Galarza informed Defendant that she did not owe the Debt implied that Defendant believed Mrs. Galarza owed the alleged balance that Defendant was seeking to collect.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **3** of **12**

17. Defendant has harassed Mrs. Galarza due to the timing and frequency of Defendant's calls.

18. Defendant also placed several calls to Mr. Galarza's employer at phone number, 727-***-5610 ("Mr. Galarza's Work Telephone"), in attempts to collect the Debt.

19. Mr. Galarza never gave Defendant permission in writing to call his Work Telephone phone number.

20. Defendant has harassed Mr. Galarza due to the placement of its calls to his Work Telephone.

### *Count 1: Violation of the Telephone Consumer Protection Act*

21. Plaintiffs re-allege paragraphs 1-20 and incorporate the same herein by reference.

22. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

23. Mrs. Galarza never provided any consent for Defendant to call Mrs. Galarza's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **4** of **12**

24. This is because Mrs. Galarza had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Mrs. Galarza's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

25. Defendant did not have Mrs. Galarza's consent to call her Cellular Telephone at any point in time.

26. Mrs. Galarza never provided Defendant with Mrs. Galarza's Cellular Telephone number.

27. Despite never having Mrs. Galarza's prior express consent to call Mrs. Galarza's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant called Mrs. Galarza's Cellular Telephone at least fifty (50) times.

28. Further, Mrs. Galarza revoked consent to have Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message when she expressly told Defendant that the Account was not hers and to stop calling her in or around April of 2018.

29. Despite never having consent to call Mrs. Galarza's Cellular Telephone and her expressly revoked consent for Defendant to place such calls in or around April of 2018, Defendant thereafter called Mrs. Galarza's Cellular Telephone at least fifty (50) times.

30. Defendant did not place any emergency calls to Mrs. Galarza's Cellular Telephone.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **5** of **12**

31. Defendant willfully and knowingly placed non-emergency calls to Mrs. Galarza's Cellular Telephone.

32. Mrs. Galarza knew that Defendant called Mrs. Galarza's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

33. Mrs. Galarza knew that Defendant called Mrs. Galarza's Cellular Telephone using a prerecorded voice because Defendant left Mrs. Galarza at least one voicemail using a prerecorded voice.

34. Defendant used an ATDS when it placed at least one call to Mrs. Galarza's Cellular Telephone.

35. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Mrs. Galarza's Cellular Telephone.

36. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Mrs. Galarza's Cellular Telephone.

37. Under information and belief, Defendant used an ATDS when it placed all calls to Mrs. Galarza's Cellular Telephone.

38. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **6** of **12**

39. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

40. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

41. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

42. At least one call that Defendant placed to Mrs. Galarza's Cellular Telephone was made using a prerecorded voice.

43. Defendant has recorded at least one conversation with Mrs. Galarza.

44. Defendant has recorded more than one conversation with Mrs. Galarza.

45. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mrs. Galarza, for its financial gain.

46. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mrs. Galarza's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **7** of **12**

47. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Mrs. Galarza, despite individuals like Mrs. Galarza revoking any consent that Defendant believes it may have to place such calls.

48. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mrs. Galarza's Cellular Telephone.

49. Defendant has corporate policies to abuse and harass consumers like Mrs. Galarza despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

50. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

51. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

52. Defendant's phone calls harmed Mrs. Galarza by causing her emotional distress.

53. Defendant's phone calls harmed Mrs. Galarza by causing her stress.

54. Defendant's phone calls harmed Mrs. Galarza by being a nuisance and causing her aggravation.

55. Defendant's phone calls harmed Mrs. Galarza by causing her anxiety.

56. All conditions precedent to this action have occurred.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **8** of **12**

**WHEREFORE,** Plaintiffs respectfully request this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems just and equitable.

## *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

57. Plaintiffs re-allege paragraphs 1-20 and incorporate the same herein by reference.

58. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(4) by contacting Mr. Galarza's employer at his Work Telephone number in connection with collection of the Debt when Mr. Galarza had never given Defendant permission to contact his employer in writing.

b. Defendant violated Fla. Stat. § 559.72(5) by contacting a third party, Mr. Galarza's employer, in connection with collection of the Debt, when Defendant knew or had reason

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **9** of **12**

      to know that Mr. Galarza's employer did not have a legit business need for the information.

  c. Defendant violated Fla. Stat. § 559.72(7) by continuing to call Mrs. Galarza's Cellular Telephone after Mrs. Galarza told Defendant that the Account was not hers and demanded that Defendant stop calling her, which can reasonably be expected to harass Mrs. Galarza.

  d. Defendant violated Fla. Stat. § 559.72(9) by attempting to enforced the alleged Debt against Mrs. Galarza when Defendant knew that the Account was not in Mrs. Galarza's name and that such legal right to collect from Mrs. Galarza did not exist.

59. As a result of the above violations of the FCCPA, Mr. Galarza and Mrs. Galarza has been subjected to unwarranted and illegal collection activities and harassment for which they have been damaged.

60. Defendant's phone calls harmed Mr. Galarza and Mrs. Galarza by causing them emotional distress.

61. Defendant's phone calls harmed Mr. Galarza and Mrs. Galarza by causing them stress.

62. Defendant's phone calls harmed Mr. Galarza and Mrs. Galarza by being a nuisance and causing them aggravation.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **10** of **12**

63. Defendant's phone calls harmed Mr. Galarza and Mrs. Galarza by causing them anxiety.

64. It has been necessary for Mr. Galarza and Mrs. Galarza to retain the undersigned counsel to prosecute the instant action, for which they are obligated to pay a reasonable attorney's fee.

65. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs, Seanna Galarza and Kevin Galarza, demands a trial by jury on all issues so triable.

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **11** of **12**

Respectfully submitted this **May 31, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff

Plaintiffs' Complaint and Demand for Jury Trial with Injunctive Relief Sought
*Galarza v. Bank of America, N.A.*
Page **12** of **12**